EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:                                     Case No. 23-02781-SWD
                                              Chapter 7

DANIEL ALAN MEEUWSE,             Honorable Scott W. Dales
                                           Filed: December 4, 2023

           Debtor.

_____/

THOMAS C. RICHARDSON,
Chapter 7 Trustee,

           Plaintiff,

                                        Adversary No. 24-    -SWD

v.

MEGAN MARKS (F/K/A MEGAN WILEY),
an individual,

           Defendant.

_____/

## COMPLAINT FOR TURNOVER AND AVOIDANCE AND RECOVERY OF VOIDABLE TRANSFER

Plaintiff Thomas C. Richardson, Chapter 7 Trustee (the "**Trustee**"), through his attorneys, Warner Norcross + Judd LLP, states the following for his Complaint against Defendant Megan Marks f/k/a Megan Wiley ("**Defendant**"):

### JURISDICTION AND VENUE

1.      Debtor Daniel Alan Meeuwse ("**Debtor**") is an individual residing at 8883 South 10th Street, Kalamazoo, Michigan 49009.

2.      Defendant is an individual residing at 5514 Getty Court, Granger, Indiana 46530.

3.      Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code

on December 4, 2023 (the "**Petition Date**").

4.    The Trustee is the duly appointed, qualified, and acting Successor Trustee in this Chapter 7 proceeding.

5.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

6.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E) and 157(b)(2)(H).

7.    Venue is proper pursuant to 28 U.S.C. § 1409.

8.    The Trustee consents to entry of a final judgment by this Court.

## **GENERAL ALLEGATIONS**

9.    On or about April 26, 2019, Debtor purchased a 2018 Alfa Romeo STE (VIN ZASFAKPN4J7886890) (the "**Alfa Romeo**").

10.    On or about June 29, 2019, Debtor purchased a 2000 Jeep Wrangler (VIN 1J4FA49SXYP744463) (the "**Jeep**," and together with the Alfa Romeo, the "**Vehicles**").

11.    The titles to the Vehicles and the Indiana Certificates of Vehicle Registration reflect that Debtor is the owner of the Vehicles. *See* Indiana Certificates of Vehicle Registration, attached as **Exhibit A**.

12.    Defendant has failed and refused to turn over possession of the Vehicles to the Trustee upon demand.

13.    On or about August 13, 2019, Debtor purchased certain real property, commonly known as 5514 Getty Court, Granger, Indiana 46530 and legally described as follows:

> Lot Numbered Sixteen (16) as shown on the Recorder Plat of Main Street Villas, recorded May 15, 2002 as Document Number 0227144 in the Office of the Recorder of St. Joseph County, Indiana.

2

Parcel No.: 71-04-27-379-021.000-036

(the "**Real Property**").

14.    Debtor paid $165,000.00 for the Real Property.

15.    Although Debtor furnished the entire purchase price for the Real Property, the seller of the Real Property issued a Warranty Deed to Defendant. A copy of the Deed to the Real Property is attached as **Exhibit B**.

16.    Defendant remains in possession of the Real Property.

17.    Debtor has never lived at the Real Property.

18.    As of August 2019, Debtor was unable to pay his debts as they came due.

19.    As of August 2019, and at all relevant times thereafter, the sum of Debtor's debts was greater than the sum of Debtor's assets.

20.    As of August 2019, Debtor was indebted to, among other creditors, XLT, LLC ("**XLT**").

21.    On or about March 2, 2020, XLT brought an action against Debtor and Debtor's limited liability company D and M Ventures, LLC ("**D&M**") in the 36th Circuit Court for Van Buren County, Michigan, case no. 2020-0000069953-CK, for breach of contract related to an asset purchase agreement and promissory note between D&M, XLT, and Debtor.

22.    On or about July 20, 2020, the 36th Circuit Court entered a default judgment against Debtor in the amount of $341,397.42. *See* Default Judgment, attached as **Exhibit C**.

3

## COUNT I
## TURNOVER

23.     The Trustee incorporates by reference the allegations contained in all preceding paragraphs as if fully restated herein.

24.     Debtor is the title owner of the Vehicles.

25.     The Vehicles are in the possession of Defendant.

26.     Pursuant to 11 U.S.C. §§ 541 and 542(a), the Vehicles are property of the estate and are to be delivered to the Trustee.

27.     Pursuant to 11 U.S.C. §542(a), Defendants are required to account for the Vehicles or the value of the Vehicles.

WHEREFORE, the Trustee requests that this Court:

      A.     enter an order directing Defendant to turn over the Vehicles to the Trustee; and

      B.     award the Trustee any additional relief this Court finds just and proper.

## COUNT II
## AVOIDANCE OF TRANSFERS UNDER 11 U.S.C. § 544

28.     The Trustee incorporates by reference the allegations contained in all preceding paragraphs as if fully restated herein.

29.     Debtor purchased the Real Property for $165,000.00 (the "**Transfer**").

30.     Defendant is the sole title owner of the Real Property.

31.     Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

32.     At the time of the Transfer, Debtor was engaged in a business for which his remaining assets were unreasonably small in relation to the business.

33.     At the time of the Transfer, Debtor either believed or reasonably should have believed that he was incurring debts beyond his ability to pay as they became due.

34.     At the time of the Transfer, Debtor was insolvent.

35.     In the alternative, Debtor became insolvent as a result of the Transfer.

36.     The Transfer is voidable by the Trustee under MCL 566.34, 566.35, 566.37, and 11 U.S.C. § 544(b).

**WHEREFORE**, Trustee respectfully requests that this Court:

A.     Determine that the Transfer is voidable and void under 11 U.S.C. § 544; and

B.     Award Trustee any additional relief this Court finds just and proper.

## COUNT III
## RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550

37.     The Trustee incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

38.     The Trustee is entitled to avoid the Transfer made by Debtor to Defendant under 11 U.S.C. § 544(b), MCL 566.34 and 566.35.

39.     Defendant is the immediate transferee or mediate transferee of the initial transferee and the person for whose benefit the Transfer was made.

40.     The Trustee is entitled to recover the property that is the subject of the Transfer for the benefit of Debtor's estate under 11 U.S.C. § 550(a).

**WHEREFORE**, Trustee respectfully requests that this Court:

A.     Award Trustee a Judgment against Defendant for possession of the Real Property, or, in the alternative, the value of the Real Property; and

B.     Award Trustee any additional relief this Court finds just and proper.

WARNER NORCROSS + JUDD LLP

Dated: July 12, 2024        By:            /s/Emily S. Rucker
                                    Elisabeth M. Von Eitzen (P70813)
                                    Emily Rucker (P79228)
                                    150 Ottawa Avenue NW, Suite 1500
                                    Grand Rapids, MI 49503
                                    (616) 752-2764
                                    erucker@wnj.com

                                    *Attorney for Plaintiff*

30595770

6

# Exhibit A



State Form 48099 (R5/7-17)
Approved by State Board of
Accounts 2016

## INDIANA CERTIFICATE OF VEHICLE REGISTRATION



| ASS | AGE | ISSUE DATE | PUR DATE | COUNTY | TP | PL YR | PLATE | PL TP | WEIGHT | PR YR | LS | TYPE | PRIOR YR PL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 19 | 07/03/19 | 06/29/19 | 71 - SAINT JOSEPH | N | 19 | 256RIM | PA | | | N | 2W | |

| EXPIRATION DATE | MUNICIPALITY | VEHICLE YEAR | MAKE | MODEL | VEHICLE IDENTICATION NUMBER | TYPE | COLOR |
|---|---|---|---|---|---|---|---|
| 08/07/20 | MISHAWAKA | 00 | JEE | WRA | 1J4FA49SXYP744463 | 2W | GRY/ |

| | | EXTAX | EX CREDIT | DAV CREDIT | NET EX TAX | CO. WHEEL/SUR | MUN. WHEEL/SUR | STATE REG FEE | ADMIN FEE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| CURRENT YEAR | TAX | 12.00 | 0.00 | 0.00 | 12.00 | 25.80 | 0.00 | 36.35 | 0.00 | 73.35 |
| PRIOR YEAR | TAX | 2.00 | 0.00 | 0.00 | 2.00 | 4.17 | 0.00 | 0.00 | 0.00 | 6.17 |

REGISTRATION LICENSE TYPE
**PASSENGER - NEW PLATE TYPE**

JP

Legal Address
5611 STERLING DR APT 9
GRANGER, IN 46530-4459





DANIEL ALAN MEEUWSE
5611 STERLING DR APT 9
GRANGER, IN 46530-4459

13 1/1
78-9

ATCH# 7044806 SEQUENCE# 13 1/1

---



State Form 48099 (R5/7-17)
Approved by State Board of
Accounts 2016

## INDIANA CERTIFICATE OF VEHICLE REGISTRATION



| 88 | AGE | ISSUE DATE | PUR DATE | COUNTY | TP | PL YR | PLATE | PL TP | WEIGHT | PR YR | LS | TYPE | PRIOR YR PL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 1 | 07/03/19 | 04/26/19 | 71 - SAINT JOSEPH | N | 19 | LW544 | SP | | | N | 4W | |

| EXPIRATION DATE | MUNICIPALITY | VEHICLE YEAR | MAKE | MODEL | VEHICLE IDENTICATION NUMBER | TYPE | COLOR |
|---|---|---|---|---|---|---|---|
| 08/07/20 | MISHAWAKA | 18 | ALF | STE | ZASFAKPN4J7B86890 | 4W | BLK/ |

| | | EXTAX | EX CREDIT | DAV CREDIT | NET EX TAX | CO. WHEEL/SUR | MUN. WHEEL/SUR | STATE REG FEE | ADMIN FEE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| URRENT YEAR | TAX | 353.00 | 0.00 | 0.00 | 353.00 | 25.00 | 0.00 | 36.35 | 55.00 | 469.35 |
| RIOR YEAR | TAX | 117.67 | 0.00 | 0.00 | 117.67 | 8.33 | 0.00 | 0.00 | 0.00 | 126.00 |

REGISTRATION LICENSE TYPE
**INDIANA SHERIFF'S ASSOCIATION HIGH DIGIT PASSENGER**

MW

Legal Address
5611 STERLING DR APT 9
GRANGER, IN 46530-4459





DANIEL ALAN MEEUWSE
5611 STERLING DR APT 9
GRANGER, IN 46530-4459

26 1/1
78-71

TCH# 7044838 SEQUENCE# 26 1/1

# Exhibit B

UNOFFICIAL COPY

030-1012-016214

SD Filed AA

Transfer 33398
Taxing Unit MishHarris
Date 08/13/2019

**2019-19922**
RECORDED AS PRESENTED ON
08/13/2019 10:08 AM
MARY BETH WISNIEWSKI
ST. JOSEPH COUNTY
RECORDER
PGS: 3 FEES: 25.00

## Warranty Deed

This Indenture Witnesseth, that Carolyn A. Burke ("Grantor") of St. Joseph County, State of Indiana, CONVEY(S) AND WARRANT(S) to **Megan Marks** ("Grantee") of St. Joseph County, in the State of Indiana, for the sum of One and no/100 Dollars ($1.00) and other valuable consideration, the receipt of which is hereby acknowledged, the following real estate in St. Joseph County, State of Indiana, commonly known as 5514 Getty Court, Granger, IN 46530, and more particularly described as:

**Lot Numbered Sixteen (16) as shown on the Recorder Plat of Main Street Villas, recorded May 15, 2002 as Document Number 0227144 in the Office of the Recorder of St. Joseph County, Indiana.**

Parcel No.:    71-04-27-379-021.000-036

**VM**

Subject to taxes for 2019 payable 2020, now a lien, not yet due and payable.

Subject to covenants, agreements, easements, restrictions and all rights of way of record.

In Witness Whereof, Grantor has caused this deed to be executed this ___6___ day of
___August___, 2019.

Carolyn A. Burke

DULY ENTERED FOR TAXATION
ST. JOSEPH CO. INDIANA
SUBJECT TO FINAL ACCEPTANCE
FOR TRANSFER

**VM**

2019-19922

UNOFFICIAL COPY

STATE OF INDIANA        )
                        )
COUNTY OF St. JOSEPH    )

Before me, a Notary Public in and for said County and State, personally appeared Carolyn A. Burke, who acknowledged the execution of the foregoing Warranty Deed, and who, having been duly sworn, stated that any representations therein contained are true.

Witness my hand and Notarial Seal this ___6___ day of _AUGUST___, 2019.

TRACY L. HERSHEY
St. Joseph County
My Commission Expires
October 28, 2023

Signature: _____, Notary Public
Printed: _____

My Commission Expires:**10-28-2023**
My County Of Residence is: **St. Joseph**
IN1907176

Prepared by and return deed to:
Wendy K. Walker, Esq.
Near North Title Group, 1230 E. University Drive, Granger, IN 46530

I affirm, under the penalties for perjury, that I have taken reasonable care to redact each Social Security Number in this document, unless required by law, Wendy K. Walker.

Grantee mailing address and please send tax statements/notices to:
5514 Getty Ct., Granger, IN 46530

2019-19922

UNOFFICIAL COPY



## EXHIBIT A

Lot Numbered Sixteen (16) as shown on the Recorder Plat of Main Street Villas, recorded May 15, 2002 as Document Number 0227144, in the Office of the Recorder of St. Joseph County, Indiana.



Legal Description (IN)                                                                    IN1907176/33

2019-19922

# Exhibit C

STATE OF MICHIGAN

IN THE 36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

**XLT, LLC,**
**an Indiana Limited Liabilty Company,**          File No. 2020-069953-CK
                              Plaintiff,

                v.

**Daniel Meeuwse and D and M Ventures, LLC**
**an Indiana Limited Liability Company**
                              Defendants.
_____/

R. McKinley Elliott (P34337)
Attorney for Plaintiff
ELLIOTT LAW OFFICE          **FILED**
4 South Lincoln Avenue
Niles, MI 49120              JUL 2 0 2020
(269) 683-1964
rmelliottlaw@qtm.net       By Van Buren County
                            36th Circuit Court
_____/

At a session of said Court held in the
Village of Paw Paw, State of Michigan
on the 17th day of July, 2020
Present: Judge David J. DiStefano

**DEFAULT JUDGMENT**

The Court having reviewed the pleadings herein finds that the Co-Defendant Daniel Meeuwse was personally served with a copy of the Plaintiff's Complaint, and, said Co-Defendant was properly defaulted for failure to appear or answer as required by the Michigan Court Rules, and, the Court having reviewed and considered the Verified Request for Default Judgment filed on behalf of the Plaintiff, which satisfies the criteria set forth in MCR 2.603(B) and

also finding that the said Co-Defendant is not a minor or an incompetent adult, or a member of the armed forces of the United States, and being fully advised in the premises;

HEREBY FINDS, ORDERS AND ADJUDGES AS FOLLOWS:

1. The Co-Defendant, Daniel Meeuwse, executed a promissory note in the amount of $300,000.00, a personal guaranty and a security agreement in connection with the purchase of a business known as Pure Emerald Salon on or about July 1, 2017, The promissory note provides for interest of 8% per annum from the date of execution.

2. Co-Defendant Meeuwse granted a security interest in the assets then owned or after acquired by Pure Emerald.

3. By the terms of the promissory note and personal guaranty, Co-Defendant Meeuwse pledged all of his personal assets, including up to $275,000.00 from his 401(k) retirement account.

4. Co-Defendant is in material breach of the payment obligations set forth in the promissory note, which required full payment by December 31, 2019.

5. As of July 13, 2020, the accrued interest on the principal balance of $275,000.00 is (1114 days @ $60.28) $67,151.92. Daily interest is $60.28, as per the terms of the promissory note.

6. This Judgment constitutes a charging order which authorizes garnishment, levy and execution against the personal assets of Co-Defendant Meeuwse, including the aforementioned 401(k) account, to the extent necessary to fully satisfy the judgment indebtedness.

7. Judgment is entered against Co-Defendant Daniel Meeuwse in the amount of $341,397.42, including court costs of $245.50, and in favor of the Plaintiff, XLT, LLC, an Indiana Limited Liability Company. Per diem interest shall accrue at the rate of $60.28.

*This Judgment resolves all pending claims and closes the case. Costs paid.*

July __17__, 2020

_____
Judge David J. DiStefano, P35010

Prepared by:
R. McKinley Elliott, P34337