UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DANIEL ALAN MEEUWSE,

       Debtor.

BANKRUPTCY CASE NO. 23-02781

_____/

THOMAS C. RICHARDSON,

       Plaintiff,

v.

MEGAN MARKS,

       Defendant.

ADVERSARY PROCEEDING NO. 24-80042

DISTRICT COURT CASE NO. 1:25-cv-2

HON. ROBERT J. JONKER

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

This case comes before the Court on Report and Recommendation from the Bankruptcy Court for the Western District of Michigan (docket # 1-1). Plaintiff, Thomas C. Richardson, the Chapter 7 Trustee in this matter, filed a Complaint under the Bankruptcy Code seeking turnover of two vehicles, avoidance of the transfer of $165,000 the Debtor paid for Real Property titled in the Defendant's name, and recovery of the $165,000. Defendant failed to answer the complaint, and Plaintiff subsequently filed a motion for entry of a default judgment against Defendant. (*Id.*). The Bankruptcy Court held a hearing on December 11, 2024, to address Plaintiff's motion, and defendant did not appear. (*Id.*). The Bankruptcy Court's Report and Recommendation followed. (*Id.*).

The Bankruptcy Court resolved the portion of the case related to the two vehicles and entered a separate Judgment under Rule 54(b). In its Report and Recommendation, the Bankruptcy

Court concluded that default judgment against Defendant as to the remaining aspects of the case was appropriate. Relying on the Supreme Court's decision in *Stern v. Marshall*, 554 U.S. 462 (2011), however, the Bankruptcy Court concluded it lacked the constitutional authority to enter a final judgment in this matter and therefore submitted its Report and Recommendation to this Court for the entry of judgment.

After reviewing the Bankruptcy Court's Report and Recommendation and the record below, the Court grants Plaintiff's motion for default and avoids the transfer of the $165,000.00 the Debtor paid for the Real Property and further permits Plaintiff to recover $165,000.00 from the Defendant under Section 550(a)(1) as recommended by the Bankruptcy Court. While the Court acknowledges the uncertainty *Stern* created regarding the constitutional authority of bankruptcy courts to enter final judgment in certain proceedings, the Court does not believe *Stern* affects the Bankruptcy Court's authority to enter a default judgment in this action. However, it is undisputed the Court has jurisdiction to enter judgment in this matter, and the Bankruptcy Court's reference of the matter to the Court does not constitute reversible error. *Cf. In re Burkman Supply, Inc.*, 217 B.R. 223, 223 (W.D. Mich. 1998) ("[T]he fact that the bankruptcy judge in this matter took the additional step and submitted this matter to the Court by way of a report and recommendation does not constitute reversible error."). Therefore, in order to resolve this matter an expeditious, efficient, and cost-effective manner, the Court adopts the Bankruptcy Court's recommendation to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**   A separate Judgment shall enter.


Dated:  February 10, 2025           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE